OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

Gerald C. Mann
Attorney General


Hon. James K. Kilday, Director
Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

> Opinion No. O-3751
> Re: Filing fees accompanying
> application for special-
> ized motor carrier cer-
> tificates.

In your letter of June 21, 1941, you re-
quest our opinion in response to the following ques-
tions:

> "There are some Special Commodity
> Permittees who hold more than one permit.
> They are already filing JUST ONE of these
> "Grandfather" Applications accompanied by
> JUST ONE filing fee of $25.00 and asking
> for JUST ONE "Grandfather" Certificate which,
> it is prayed, shall contain all rights be-
> stowed by the MORE THAN ONE pre-existing
> Special Commodity Permits.
>
> 1. "Under these facts should we collect
>    a filing fee on $25.00 on each Spe-
>    cial Commodity Permit or is one fil-
>    ing fee of $25.00 sufficient?
>
> 2. "Under these facts are we required
>    to issue a 'Grandfather' Certificate
>    on each Special Commodity Permit or
>    may we issue just one of such certi-
>    ficates containing the pre-existing
>    rights of all the Special Commodity
>    Permits?
>
> 3. "Assuming that one 'Grandfather'

Certificate may be allowed to encom-
pass all the rights contained in more
than one pre-existing Special Commod-
ity Permit, may this consolidation be
brought about where each of the Spe-
cial Commodity Permits authorizes Ir-
regular operations with irregular
schedules from different bases in such
fashion as to give the new certificate
holder the right to operate from each
base"

4. "Assuming as a fact, and it is a fact,
that some Special Commodity Permittees
held valid permits on January 1, 1941
which have since been cancelled out by
the Commission for failure to maintain
insurance: Are these permittees en-
titled to 'Grandfather' rights?"

Authority for the Railroad Commission to
issue specialized motor carrier certificates is
found in H.B. 351, Forty-seventh Legislature. The
provision for converting special commodity permits
into specialized motor carrier certificates is
found in Section 5a(b) and reads:

"* * *; provided further that any per-
son to whom a 'Special Commodity' permit
for the transportation of any or all of
said commodities had been issued under the
provisions of Section 6, paragraph (d),
Article 911b, Title 25, Revised Civil Stat-
utes of the Stat of Texas, 1925, as amend-
ed, if such 'Special Commodity' permit shall
have been in force and effect on January 1,
1941, and if such person or predecessor in
interest may desire to continue in the busi-
ness of a motor carrier of such commodity
or commodities shall file an application
for a certificate of convenience and neces-
sity under the terms of this Act within
sixty (60) days after the effective date
hereof, it shall be the duty of the Com-
mission to issue without further proof a

certificate authorizing the operation as a 'Specialized Motor Carrier' for the transportation of such commodity or commodities covered by the 'Special Commodity' permit held by the applicant, which 'Specialized Motor Carrier' certificate shall be issued to the applicant and include all the rights and privileges granted under said 'Special Commodity' permit."

The application fee mentioned by you is provided for in Section 3a(f) and reads as follows:

"(f) Every application for a certificate of public convenience and necessity under this Section shall be accompanied by a filing fee in the sum of Twenty-five Dollars ($25), which fee shall be in addition to other fees and taxes, and shall be retained by the Commission whether certificate of convenience and necessity is granted or not."

To a certain extent we believe your second and third questions present administrative, rather than legal problems. Absent any special circumstances which would cause undue complications in the matter of converting the special commodity permits into specialized motor carrier certificates or in administering the Act and supervising the prospective operations of the carrier, we think it would be entirely competent for the Railroad Commission to accept and file a single application seeking the conversion of several special commodity permits into one specialized carrier certificate, and to issue a single certificate authorizing all of the operations theretofore conducted under several special commodity permits. This answer would apply to the set of facts embodied in your third question, the same as if the carrier has had only one base of operation. However, where serious administrative complications are or likely will be presented by such a grouping, in our opinion, the Commission would be acting within its authority in requiring an applicant to file the several appropriate applications.

Hon. James E, Kilday, Page 4


        Answering your first question, it is noted
that the fee is required to accompany each application
and is not to be affected by the number of special
commodity permits involved in the application. When
one application is taken, the filing fee will be $25.00
although it may be an application to convert several
permits.

        Our answer to your fourth question is a ne-
gative one. We think the "Grandfather" provision nec-
essarily pre-supposes the continuance in effect of the
permit since January 1, 1941. To hold otherwise would
be to grant a certificate to one man without requiring
him to prove convenience and necessity while denying
it to another, with no ground for classification ex-
cept that at one time the former had had a permit. Such
a construction should not be given the statute unless
absolutely required by its language. We think the
provision is subject to a different and more reason-
able interpretation, viz: it was meant to authorize
the conversion into specialized motor carrier certifi-
cates of those special commodity permits which have
been in legal existence since before January 1, 1941.
In other words, it was meant to require the holders
of permits issued since January 1, 1941, to prove
convenience and necessity in order to secure a con-
version- not to confer special rights on one who had
held a permit at that time but who had subsequently
surrendered the same or suffered its cancellation.

                                Yours very truly

                        ATTORNEY GENERAL OF TEXAS


GRL:LB                          By (Signed) Glenn R. Lewis
                                    Glenn R. Lewis
APPROVED JUL. 23, 1941                  Assistant
(Signed) Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
BY B. W. B. CHAIRMAN